## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO.93-00008-CB-C |
| CLARENCE AARON, | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on a motion for reduction of sentence filed by defendant Clarence Aaron.  (Doc. 189.)  In support of his motion, Aaron invokes 18 U.S.C. § 3582(c)(2), which permits the sentencing court to reduce a previously imposed sentence based upon a retroactive amendment to the United States Sentencing Guidelines.  The retroactive amendment on which defendant relies is Amendment 706, which reduced the base offense level for offenses involving less than 4.5 kilograms of crack.  Because defendant was involved with more than 4.5 kilograms of crack, the amendment is not applicable and defendant's motion is due to be denied.

Based on his convictions for conspiracy and substantive crack cocaine offenses, defendant was sentenced in 1993 to three concurrent terms of life imprisonment.  At sentencing, the Court found that defendant was involved with at least 20 kilograms of crack cocaine to be converted to crack.  Because he was involved with more than 15 kilograms of crack cocaine, defendant's base offense level under U.S.S.G. § 2D1.1 was 42.[1]  (P.S.R. ¶ 18; Statement of

---

[1] A subsequent amendment to the sentencing guideline, Amendment 505, reduced the maximum base offense level under § 2D1.1 to 38.  *United States v. Glinton*, 154 F.3d 1245 (11th Cir. 1998).  The Court does not currently have defendant's entire file available for review and, therefore, does not know if defendant sought a § 3582(c)(2) reduction of sentence based on Amendment 505.  If he did, the motion would have been denied because defendant's total offense level (level 43) remains the same due to applicable upward adjustments.  Since defendant's total offense level was unchanged, the sentencing range was also unchanged.

Reasons § I, ¶ 1.)  Due to adjustments for his role in the offense and obstruction of justice, defendant's total offense level was 43 (P.S.R. ¶ 23), resulting in a sentencing range of life.

A district court's authority to reduce a previously-imposed sentence based on an amendment to the Sentencing Guidelines is found in 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that. . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or in its own motion , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

*Id.*  Amendment 706 reduces the base offense levels *only if* the amount of crack cocaine involved is less than 4.5 kilograms.  *See* Amendment 706, United States Sentencing Guidelines (App. C Supp., Nov. 1, 2007).  Defendant was found to be involved with more than 15 kilograms of crack.  Thus, it would seem to be apparent that the amendment does not lower defendant's sentencing range.  Defendant, however, argues otherwise.

Relying on a novel reading of § 3582(c)(2), defendant insists that the amendment need not actually lower his sentence range.  According to defendant, the phrase "based on a sentencing range that has subsequently been lowered" does not mean that the *defendant's* guideline computation must have been lowered by the amendment.   Rather, it is sufficient if the applicable guideline is lowered *in general*.  Defendant's argument is an unsuccessful exercise in

---

[2]Retroactive application of an amendment is "consistent with the applicable policy statement issued by the Sentencing Commission" if the amendment is listed in U.S.S.G. § 1B1.10 .  Amendment 706 is listed as one that may be applied retroactively.

semantics. No "sentencing range" exists unless a "guideline computation" is prepared and applied to a particular defendant. A "sentencing range" is specific to an individual defendant depending on the guidelines applied based upon the facts of that particular case. An amendment to the sentencing guidelines cannot lower a sentencing range across the board. It can only lower the sentencing range applicable to an individual defendant. Aaron's sentencing range was not lowered by Amendment 706 because the quantity of crack defendant was involved with exceeded 4.5 kilograms. Amendment 706 lowers guidelines sentencing ranges only if the quantity of crack was *less than* 4.5 kilograms.

Further evidence of the futility of defendant's argument is found in a recent Eleventh Circuit opinion, *United States v. Moore*, ___ F.3d ___, 2008 WL 4093400 (11th Cir. Sept. 5, 2008), which addressed the applicability of Amendment 706 to defendants sentenced as career offenders. The defendants argued that they were entitled to sentence reductions under § 3582(c)(2) because Amendment 706 altered their base offense levels. The government countered that a reduction of base offense levels had no effect on their sentencing ranges because defendants were sentenced as career offenders–which meant that the base offense level was not used in calculating their sentencing ranges. The appellate court agreed with the government's position, stating:

> [T]he defendants' base offense levels under § 2D1.1 played no role in the calculation of these ranges. Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.
>
> Further supporting the government's position is U.S.S.G. § 1B1.10, the recently-revised policy statement addressing reductions in sentences as a result of amended guideline ranges. This statement provides in relevant part: . . .
>
> > (2)Exclusions.-A reduction in the defendant's term of

>     imprisonment is not consistent with this policy statement and
>     therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
>
>     (B) an amendment listed in subsection (b) does not have the effect
>     of lowering the defendant's applicable guideline range.
>
> . . . Here Amendment 706 is "applicable to the defendant[s]" in that it reduces their base offense levels, but it does not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline. Thus, the Sentencing Commission contemplated that inmates in the defendants' position would not be eligible for relief under § 3582(c)(2).

*Id.* at *3-4 (quoting U.S.S.G.§ 1B1.10(a) (made effective on March 3, 2008, by Amendment 712)).

In sum, it is clear that § 3582(c)(2) cannot be invoked because defendant's sentencing range has not been lowered by the recent amendment to the United States Sentencing Guidelines. Looking through the prism of hindsight, and considering the many factors argued by the defendant that were not present at the time of his initial sentencing, one can argue that a less harsh sentence might have been more equitable; however, this Court is powerless to act in a pardon capacity. As a matter of law, the sentence the Court was required to impose in 1993 must stand.

For the foregoing reasons, it is **ORDERED** that the defendant's motion for reduction of sentence be and hereby is **DENIED**.

**DONE** this the 29th day of September, 2008.

> s/*Charles R. Butler, Jr.*
> **Senior United States District Judge**